**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANTHONY WAKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| THE TRUSTEES OF INDIANA | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      Plaintiff, Anthony Wakley ("Wakley"), by counsel, brings this action against Defendant, Indiana University ("Defendant"), for violating the Family and Medical Leave Act of 1993 ("FMLA"), as amended 29 U.S.C. §2601 *et seq*.

**II. PARTIES**

2.      Wakley is a resident of Hamilton County in the State of Indiana who, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 29 U.S.C. §2617(a)(2).

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4).

6.      Wakley an "employee," as that term is defined by 29 U.S.C. §2611(3) and 42 U.S.C.§12111(4).

1

7.      At all relevant times, Wakley was an "eligible employee," as that term is defined by 29 U.S.C. §2611(2).

8.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

### IV. <u>FACTUAL ALLEGATIONS</u>

9.      Wakley began working for Defendant on or around February 13, 2012, as a Utility Analyst. He was promoted on or around October 1, 2014, as a Financial Manager.  In or around January 2021, Defendant reclassified Wakley's position, and his last position held was as a Financial Administration Specialist.

10.     At all relevant times, Wakley met or exceeded Defendant's legitimate performance expectations.

11.     In or around March 2020, Wakley's department was permitted to work and perform their job duties and responsibilities fully remote.

12.     On or around December 15, 2023, Wakely's mother became sick and required care from Wakley. On or around January 19, 2024, she was hospitalized and treated for COPD. Wakley's mother's condition required assistance from Wakley.

13.     On or around January 15, 2024, Wakley's mother-in-law was diagnosed with pneumonia and as a consequence, became bedridden. Her condition caused Plaintiff to care for his mother-in-law.

14.     In or around mid-December 2023, Wakley inquired to his supervisor about using FMLA leave to care for both his immediate family members medical conditions.  Defendant failed/refused provide any documentation, notices, or information to Wakley notifying him of his eligibility to take FMLA leave, his expectations and obligations for taking FMLA leave, the consequences of a failure to meet those obligations, or the amount of leave counted against his FMLA leave entitlement.

15.     On or around January 2, 2024, Wakley arrived at work and attended a meeting with Joe Goins ("Goins"), Campus Facility Services - Business Affairs for Defendant, Wakley's Supervisor, and Jeff Plawecki and Kate Pell ("Pell"), Campus Facility Services-Operations for Defendant.

16.     On or around January 19, 2024, Wakley received notice that the staff in his department were mandated to return to the office for a hybrid remote schedule of three (3) days in the office and two (2) remote workdays starting in January 2024.

17.     For the rest of January 2024, Wakley would periodically come in for his scheduled in-person workdays to find his office unfurnished and not set up for work.

18.     On or around February 1, 2024, Wakley received a letter from Defendant terminating his employment. Its proffered reason stated that because Wakley refused to return to work and comply with Defendant's mandated hybrid remote schedule. At no point did Wakley refuse to perform work for the employer.

19.     The Defendant's stated reason for termination is a pretext for interference and retaliation against Wakley for exercising his rights under the FMLA. Similarly, situated individuals were offered the bandwidth to work remotely despite Defendant's mandate, were not found to be in violation of Defendant's mandate, and remained employed by Defendant. Specifically, Dan McGee ("McGee") was able to continue working fully remote.

## V. CAUSES OF ACTION

### COUNT I: FMLA - INTERFERENCE

20.     Wakley hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint as if the same were set forth at length herein.

21.     Wakley attempted to utilize protected leave as he was entitled to under the FMLA. Defendant knew of this attempt.

22.     Defendant unlawfully interfered with Wakley's rights under the FMLA by failing to provide Wakley with the required notices under the FMLA and terminating his employment.

23.     Defendant unlawfully interfered with Wakley's rights under the FMLA by using his attempt to use FMLA leave as a negative factor in Defendant's employment decisions, including, but not limited to, termination.

24.     Defendant's unlawful actions were intentional, willful, and in reckless disregard of Wakley's rights as protected by the FMLA.

25.     Wakley suffered and continues suffering damages as a result of Defendant's unlawful actions.

COUNT II: FMLA - RETALIATION

26.     Wakley hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27.     Wakley attempted to exercise a need for protected leave, and Defendant retaliated against Wakley by terminating his employment.

28.     Defendant unlawfully retaliated against Wakley for his request to use of leave that qualified for protection under the FMLA.

29.     Defendant's actions were intentional, willful, and in reckless disregard of Wakley's rights as protected by the FMLA.

30.     Wakley suffered and continues suffering damages as a result of Defendant's unlawful actions.

VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Anthony Wakley, respectfully requests that this court enter judgment in his favor and award him the following relief:

1.     Reinstate Wakley's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions and/or payment to Wakley of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4

3.      Compensation for any and all other damages suffered as a consequence of Defendant's

unlawful actions;

4.      Award liquidated damages for violations of the FMLA;

5.      All costs and attorney's fees incurred as a result of bringing this action;

6.      Pre- and post-judgment interest on all sums recoverable; and

7.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Ryan Sullivan*_____
Ryan Sullivan
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Anthony Wakley*

## DEMAND FOR JURY TRIAL

Plaintiff, Anthony Wakley, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Ryan Sullivan*_____
Ryan Sullivan
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Anthony Wakley*