**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| ANTHONY WAKLEY, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>) Cause No.: 1:24-cv-00508-JPH-MG<br>THE TRUSTEES OF INDIANA )<br>UNIVERSITY, )<br>)<br>*Defendant.* )<br>)<br>) | |

**DEFENDANT'S STATEMENT OF DEFENSES**

Defendant, The Trustees of Indiana University (the "University" or "Defendant"), pursuant to Section IV.B of the approved Case Management Plan for this matter, hereby submits the following statement of defenses it intends to assert at trial and the legal theories upon which the defenses are based. Defendant does so out of an abundance of caution and without accepting the burden of proof on any element of Plaintiff's claims.

**I.   Defendant's Defenses to Plaintiff's Claims of Violations of Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601, et seq.**

**A.   Introduction.**

1.   Plaintiff's claims that the University interfered with his FMLA rights and retaliated against the Plaintiff fail for several reasons. *First*, Plaintiff never provided the University the requisite notice to take leave under FMLA.

2. *Second*, all action by the University to end the employer-employee relationship was based on Plaintiff's refusal to comply with the University's return-to-work policy, not any other reason.

3. *Third*, Plaintiff's mother-in-law is not a family member as defined by the FMLA and any claims relating to her fails.

### B. Plaintiff Never Provided Requisite Notice for Leave Under FMLA.

4. At no time did Plaintiff provide the University with "sufficient information regarding the leave, the duration of the leave, the timing of the leave, and the health condition justifying the leave, to place [the University] on notice." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 220 (7th Cir. 2015) (quoting *Aubochon v. Knauf Fiberglass GMBH*, 359 F.3d 950, 953 (7th Cir. 2004)).

5. At most the matter was "left open ended" because of uncertainties surrounding Wakley's mother's need for care. *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 827 (7th Cir. 2012). Wakley's repeated demands to work from home do not constitute requests for FMLA leave. *Stratton v. Bentley University*, 113 F.4th 25, 48 (1st Cir. 2024).

5. As such, Wakley cannot meet his notice burden as a matter of law. *Nicholson*, 690 F.3d at 827; Curtis, 807 F.3d at 220

### C. Plaintiff's Constructive Resignation was the Result of His Reoccurring Failure to Comply with the University's Return-to-Work Policy.

6. A ruling in favor of the Defendant is appropriate "…where the employer provides undisputed evidence that the adverse employment action is based upon the employee's poor job performance." *Curtis*, 807 F.3d at 221; *Long v. Teachers' Ret. Sys. Of Ill.*, 585 F.3d 344, 354 (7th Cir. 2009).

Case 1:24-cv-00508-JPH-MG    Document 32    Filed 04/07/25    Page 3 of 4 PageID #: 441

7. Here, the undisputed evidence demonstrates, viewing the facts in the light most favorable to Wakley, he cannot show any FMLA protected conduct played a motivating factor in the University's HR-driven decision to end his employment relationship.

8. Plaintiff's termination was not an actionable event because his employment ended without regard to any FMLA request or issues and would have ended because of his reoccurring failure to come to work as directed.

### D. Plaintiff's Mother-In-Law is Not a Family Member as Defined by the FMLA.

9. Plaintiff's mother-in-law is not a family member as defined by the FMLA.

10. As such, any claim(s) of interference and/or retaliation under FMLA, as they relate to her specifically, fail as a matter of law.

### E. Plaintiff suffered no Cognizable Injury.

11. Prior to Plaintiff's constructive resignation, he lost no wages, salary, employment benefits, or other compensation. As such, Plaintiff suffered no cognizable injury and is not entitled to any damages based on his alleged claims. *Trahanas v. Northwestern University*, 84 F.4th 842, 857-858 (7th Cir. 2023).

Respectfully submitted,

*/s/ Hamish S. Cohen*
Hamish S. Cohen #22931-53
Brian Weir-Harden #27651-49
Mattingly Burke Cohen & Biederman LLP
155 East Market Street
Indianapolis, IN 46204
317-617-7320
Hamish.Cohen@mbcblaw.com
Brian.weir-harden@mbcblaw.com

*Attorneys for Defendant Indiana University*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, a copy of the foregoing was filed electronically. Service of this filing is also being made by operation of the Court's CM/ECF system to all counsel of record:

Ryan Sullivan
Anthony Dutkanych III
Biesecker Dutkanych & Macer, LLC
144 North Delaware Street
Indianapolis, IN 46204

*/s/ Hamish S. Cohen*   _____
Hamish S. Cohen