# EXHIBIT 8

# DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY WAKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:24-cv-00508-JPH-MG |
| ) | |
| THE TRUSTEES OF INDIANA ) | |
| UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIESAND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure (the "Rules") Defendant, The Trustees of Indiana University responds to Plaintiff's, Anthony Wakley's (the "Plaintiff") First Set of Interrogatories and First Requests for Production of Documents as follows:

These Interrogatories and Requests for Production are deemed to be continuing so as to require a prompt supplemental answer or response should Defendant obtain such further information relating thereto before the time of the trial.

### DEFINITIONS AND INSTRUCTIONS

Defendant objects to the Definitions and Instructions to the extent they are inconsistent with the Rules and any law relating thereto.

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the name, position, and affiliation to Defendant of each and every individual who was consulted and/or assisted in the preparation of Defendant's

responses to these Interrogatories and for each such person specify for which Interrogatory they were consulted and/or provided assistance.

**ANSWER:**

Yolanda Taylor, Indiana University Human Resources Leader.

**INTERROGATORY NO. 2:** Identify the name and job title of each and every individual who was involved in and/or consulted in each decision to end Plaintiff's employment with Defendant. A complete answer to this interrogatory will include the role each played in the decision-making process, the date and by whom the initial recommendation to end Plaintiff's employment was made, and the identity of the individual who has ultimate decision-making authority.

**ANSWER:** Defendant OBJECTS to Interrogatory No. 2 to the extent it implies a decision was made by the Defendant to end Plaintiff's employment. Upon information and belief, Defendant afforded Plaintiff a reasonable grace period to comply with the mandatory requirement to work no more than two (2) days remotely and at least three (3) days in-person. Plaintiff refused to comply with the mandatory in-person attendance policy after expiration of the afforded grace period and was determined to have constructively resigned his employment with Defendant.

Subject to and without waiving Defendant's Objection, the following individuals were either consulted and/or involved in the enforcement of the mandatory in-person attendance policy with respect to the Plaintiff: (i) Yolanda Taylor, Indiana University Human Resources Leader; and (ii) Joe Goins; (iii) Jeff Plawecki; and (iv) Plaintiff.

2

**ANSWER:** Plaintiff never requested FMLA leave from Defendant. Plaintiff was informed by Joe Goins on multiple occasions via telephone and email about Defendant's attendance policies and his failure to abide with those policies.

**INTERROGATORY NO. 16**: Please identify the name, dates of leave utilized under FMLA (if any), and address of either Plaintiff's replacement or the individual who assumed Plaintiff's job responsibilities, whichever may be applicable.

**ANSWER:** None.

**INTERROGATORY NO. 17:** Please provide identifying information for Dan McGee, who either worked or currently works for Defendant, for the time period of January 1, 2020, to the present. A complete answer will include the following:

- (a) His job title, start date of employment, end date of employment (if applicable), last known address, and telephone number;
- (b) Supervisor's name, job title, last known address, and telephone number;
- (c) State whether Dan McGee utilized FMLA leave and, if so, the dates he utilized FMLA leave;
- (d) State whether Dan McGee utilized any other form of leave and, if so, the dates he utilized the leave;
- (e) State whether Dan McGee was permitted to work remotely and, if so, the dates Dan McGee was permitted to work remotely; and
- (f) State whether Dan McGee is still employed by the Defendant and, if not, state the date and reason that the individual's employment ended.

**ANSWER:** Defendant OBJECTS to Interrogatory No. 17 as follows: *First*, Interrogatory No. 17 is a compound and conjunctive question with subparts that requires multiple responses and multiple pieces of information that would exceed the total number of interrogatories

13

permitted under Rule 33(a). *Second*, information related to Dan McGee's employment with Indiana University is not reasonably calculated to lead to admissible evidence that would support Plaintiff's claims against Defendant.

Subject to and without waiving Defendant's Objections, Defendant states that Dan McGee retired after approximately forty-years at the University. Mr. McGee was permitted to use some of his considerable paid time off as part of his retirement winddown. He did not take FMLA leave, and he was not permitted to work remotely other than two days per week consistent with Defendant's policies.

## VERIFICATION

I, Yolanda Taylor, verify under penalty of perjury that the Answers to the foregoing Interrogatories are true and accurate.

*Yolanda Taylor*
Yolanda Taylor

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 20th day of August, 2024, by electronic mail and properly addressed to the following counsel of record for the Plaintiff:

BIESECKER DUTKANYCH & MACER, LLC
Ryan Sullivan, Atty No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone:  (317) 991-4765
Facsimile:  (812) 424-1005
E-Mail:  rsullivan@bdlegal.com

*/s/ Brian Weir-Harden*
Brian Weir Harden